PER CURIAM.
We affirm in part and reverse in part. Although we find no error by the trial court in its entry of judgment against the appellant, we find a sufficient conflict in the evidence concerning the calculation of the amount due to require an evidentiary hearing. The appellant has demonstrated an issue of fact both as to the amount of credit to which he was entitled and as to the proper date of default.
As to the date of default, the stipulation between the parties, executed on March 29, 1988 initially specified September 29, 1988 as the default date:
5. The parties hereto agree that the plaintiff will refrain from petitioning for, obtaining or entering final judgment of foreclosure in this cause for a period of nine (9) months from the date hereof upon the following terms and conditions
[[Image here]]
However, this date was modified by the amendment to the stipulation, which in part stated:
It is hereby mutually stipulated and agreed by and between the plaintiff, NCNB NATIONAL BANK OF FLORIDA, a national banking association and the defendant, DON T. KOZICH that paragraph 5 of the stipulation dated March 29, 1988 between and among the undersigned is modified to read that the plaintiff will refrain from petitioning for, obtaining or entering final judgment of foreclosure in this cause for a period of 6 months from the date hereof ...
This amendment was executed on March 21, 1989. Because no quotation marks were used in the foregoing paragraph, there appears to be some ambiguity as to whether “6 months from the date hereof” means 6 months from the date of the stipulation, which would be September 29, 1989, or 6 months from the date of the amendment, which would be September 21, 1989. The “modified to read” language would seem to favor the former construction, or September 29, 1989. Kozich maintains that this was the default date. However, paragraphs 3 and 4 of NCNB’s motion for entry of final judgment indicate that September 21, 1989 was the date of default:
3. The amendment to stipulation provided for an additional moratorium of six months from March 21, 1989.
4. The six month moratorium from March 21, 1989 has expired and plaintiff is entitled to entry of final judgment of foreclosure as can be seen from the affidavit attached hereto in support of this motion.
*1174 The affidavit referred to above, that of Henry Ledesma, an NCNB Vice-President filed in support of the motion for entry of final judgment, asserts erroneously that the amendment to the stipulation was entered into on March 29, 1989:
4. The parties thereafter entered into an amendment to stipulation dated March 29, 1989 which was filed with the Court.
However, the affidavit goes on to assert in paragraph 5 that “The defendants have defaulted under the terms of the stipulation and amendment to stipulation by having failed to make payment of all amounts due by September 21, 1989.” The affidavit goes on to calculate interest at the rate of 25%-per annum from March 29, 1988. As already noted, Kozich maintains that default interest should be calculated from September 29, 1989. He made this contention in paragraphs 5 and 6 of his verified motion in opposition to entry of final judgment, as well as at the very brief summary judgment hearing. Based on the foregoing, it seems apparent that a material issue of fact existed as to the proper “date of default," and therefore summary judgment was inappropriately granted as a matter of law.
As to the proper application of credits, under paragraph 6 of the stipulation, “[a]ll payments of rent proceeds received by plaintiff shall be applied first to sales tax, then to reimburse plaintiff for any advance it may make under A or F above then to interest and then to the remaining principal balance of its mortgages.” Paragraph A provided:
NCNB NATIONAL BANK OF FLORIDA will cause to be paid the 1986 outstanding real property taxes should the holder of any tax certificate for said year apply for a tax deed during the term of this agreement. Any such payment shall be considered an advance under the Mortgages held by NCNB.
Paragraph F provided:
The Defendant, DON T. KOZICH shall continue to provide $1,000,000.00 combined single limit bodily injury and $100,-000.00 all risk, with replacement cost endorsement, property damage insurance with regard to the subject property and will pay the annual premium starting March 1, 1988, for said insurance coverage. The Plaintiff, NCNB NATIONAL BANK OF FLORIDA will advance to defendants under the terms of its mortgage, up to $8,200.00 to be utilized for the payment of such insurance. DON T. KOZICH, as Trustee, shall be a named insured.
NCNB, in the amendment of the stipulation:
1. acknowledged receipt of payments from Kozich totaling $40,570.13;
2. recited that those payments were applied to pay all accrued interest and principal on the Note and Mortgage referred to in paragraphs D, E and F of the complaint, and that the balance had been applied to interest accruing on the note and mortgage referred to in paragraphs A, B and C of the complaint;
3. deleted paragraph 5 E in its entirety; and
4. acknowledged receipt of a future advance in the amount of $100,000.00 pursuant to the first mortgage encumbering the property sought to be foreclosed.
Henry Ledesma’s affidavit recites a credit for payments received through September 22, 1989 in the amount of $45,560.38. Kozich, in paragraph 4 of the verified motion in opposition to entry of final judgment correctly asserted that there is no paragraph D, E and F in the complaint, and that the $40,570.13 should have been deducted, but was not. Kozich challenged generally at the hearing, the amount of credit given him by NCNB.
Based on the foregoing, there appears to be a genuine issue of material fact as to the proper amount of credit to which Ko-zich was entitled. NCNB should be required to give a proper accounting at an evidentiary hearing. Summary judgment was improper as to the two points discussed above. This is so, notwithstanding Kozich’s waiver of any and all potential defenses that he may have had in this cause.
*1175 Accordingly, we affirm in part and reverse in part, and remand with directions for further proceedings consistent herewith.
ANSTEAD, WARNER and FARMER, JJ., concur.